IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

TONY LAMAR WEBB, )
 )
        Petitioner, )
 )
        v. )   1:09CV133
 )   1:02CR51-1
UNITED STATES OF AMERICA, )
 )
        Respondent. )

**MEMORANDUM OPINION AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Petitioner Tony Lamar Webb, a federal prisoner, has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Docket No. 105.)[1] Petitioner was indicted on one count of bank robbery in violation of 18 U.S.C. § 2113(a), one count of bank robbery with a dangerous weapon in violation of 28 U.S.C. § 2113(d), and one count of carrying and brandishing a firearm during a bank robbery in violation of 18 U.S.C. § 924(c)(1)(A)(ii). (Docket No. 1.) He proceeded to trial and was convicted on all three counts. (Docket No. 55.) Petitioner was then sentenced to 70 months of imprisonment on the first two counts and a consecutive 84 months of imprisonment for the § 924(c) count. (Docket No. 73.)

Petitioner did pursue a direct appeal, but it ended unsuccessfully when the Fourth Circuit Court of Appeals affirmed his conviction and sentence through a judgment entered on June 17, 2003. (Docket Nos. 88, 89.) More than five years later, on

---

[1]This and all further cites to the record are to the criminal case.

January 24, 2009, he dated a document that was later construed as a motion under § 2255. (Docket No. 103.) He filed it in this Court on January 28, 2009. It was dismissed without prejudice for being procedurally deficient in case 1:09CV70. Petitioner then filed the present § 2255 motion. Respondent has filed a motion seeking to have the § 2255 motion dismissed for being time-barred. (Docket No. 107.) Petitioner has responded to the motion to dismiss (docket no. 109), and it is now before the Court for a decision.

## **DISCUSSION**

Respondent requests dismissal on the ground that the motion was filed[2] outside of the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104-132 ("AEDPA"). 28 U.S.C. § 2255(f). The AEDPA amendments apply to all motions filed under § 2255 after their effective date of April 24, 1996. Lindh v. Murphy, 521 U.S. 320 (1997). Interpretations of 28 U.S.C. §§ 2244(d)(1) and 2255 have equal applicability to one another. Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999).

Under § 2255(f)(1), the limitation period runs from the date when the judgment of conviction became final. Where a petitioner files an appeal, finality has been construed to mean when the petitioner may no longer seek further review because of (1) the denial of a petition for certiorari to the United States Supreme

---

[2] A Section 2255 motion is filed by a prisoner when the motion is delivered to prison authorities for mailing. Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999).

Court; or, (2) the expiration of the time for seeking such review. Clay v. United States, 537 U.S. 522 (2003). Here, Petitioner's conviction and sentence were confirmed on direct appeal by a judgment entered on June 17, 2003. Petitioner then had ninety days to file a petition for certiorari with the United States Supreme Court, but did not do so. Sup. Ct. R. 13(1). Therefore, his conviction became final three months later in mid-September of 2003. Petitioner's year to file under subsection (f)(1) then began to run. It expired a year later in mid-September of 2004 without Petitioner having filed any § 2255 motion. In fact, he made no attempt at filing one for more than four more years. His motion is obviously out of time under this subsection. Only if another subsection gives Petitioner more time to file will his motion be timely.

Section 2255(f)(2) requires an unlawful governmental action which prevented Petitioner from filing his § 2255 motion. Petitioner fails to allege or show that any unlawful governmental action prevented him from filing this motion. Therefore, subsection two does not give Petitioner a longer limitation period.

Section 2255(f)(3) allows the limitation period to run from the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized and made retroactively applicable to cases on collateral review. Petitioner does not allege that he is relying upon any such right. This subsection does not apply.

Section 2255(f)(4) allows the limitation period to run from the date on which the facts supporting the claims presented could have been discovered through the exercise of due diligence. Petitioner's claims are of a purely legal nature. He makes a statutory construction argument in an attempt to show that his sentence under § 924 should not have been consecutive to his other sentence. There is no reason that Petitioner could not have made this argument at the time he was first convicted and sentenced. Therefore, this subsection also does not apply and Petitioner's motion is untimely.

Petitioner's only argument is that his claim is based on new facts or law. He points to the case of United States v. Whitley, 529 F.3d 150 (2d Cir. 2008) as supporting his interpretation of § 924. However, this case in no way helps him. It is, at most, new law, not new facts which could allow subsection (f)(4) to apply. Nor is it a new Supreme Court case which might allow subsection (f)(3) to apply. Further, Whitley is from the Second Circuit and specifically notes that Fourth Circuit precedent is not in agreement. Id. at 156 (citing United States v. Studifin, 240 F.3d 415, 423 (4th Cir. 2001)). This Court cannot ignore or overrule Fourth Circuit precedent based on a Second Circuit case.[3] For all of these reasons, Petitioner's claim is meritless and time-barred. Respondent's motion to dismiss should be granted.

---

[3]Respondent argues convincingly that Petitioner's case is not covered by the rule in Whitley in any event.

**IT IS THEREFORE RECOMMENDED** that Respondent's motion to dismiss (docket no. 107) be granted, that Petitioner's motion to vacate, set aside, or correct sentence (docket no. 105), be dismissed, and that Judgment be entered dismissing this action.


                                        /s/ Donald P. Dietrich
                                          **Donald P. Dietrich**
                              **United States Magistrate Judge**

July 31, 2009